# IN THE DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FURFARI, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>PENSION BENEFIT )<br>GUARANTY CORPORATION, )<br>    Defendant ) | Civil Action No. 3:20-cv-84<br><br>ELECTRONICALLY FILED |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff by his attorney, Lawrence R. Chaban, Esquire, and as a cause of action against the Defendant complains and alleges as follows:

1. The Plaintiff, Anthony Furfari, is an adult individual and resides at 108 Malloy Place, Johnstown, Cambria County, Pennsylvania.

2. The Defendant, Pension Benefit Guaranty Corporation ("PBGC"), is a federal agency responsible for protecting benefits of employees covered by private sector defined benefit plans which were terminated without sufficient funds to cover the benefits, and maintains offices at 1200 K Street, N.W., Washington, D.C.

3. This action is authorized and instituted pursuant to the Employee Retirement Income Security Act ("ERISA") of 1974 (as amended), 29 U.S.C. § 1001 et seq., including ERISA § 502, 29 U.S.C. § 1132, to recover benefits due and to enforce rights under the terms of a defined benefit pension plan.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331 and 1337. The right to file in United States District Court is also appropriate pursuant to 29 U.S.C. § 1132(e)(1).

5. At all time material hereto, the Plaintiff was employed by the Riverside Division of Penn Traffic Company as a grocery clerk beginning in September 1976.

6. As such an employee the Plaintiff was covered by the riverside Division of Penn Traffic Company Bargaining Employee Pension Plan ("Riverside Division Plant") and earned credits toward a pension under the Plan.

7. On November 18, 2009, the Penn Traffic Company filed for bankruptcy, wihc resulted in the Riverside Division Plan being terminated on January 25, 2010 without sufficient assets to provide all benefits.

8. On June 17, 2010, the Defendant became the Riverside Division Plan trustee responsible for adjudicating and paying benefits under the Plan.

9. The Plaintiff last worked in August 2005 when he went off work as a result of a left shoulder injury.

10. This injury resulted in the Plaintiff having surgery to his shoulder in December 2005.

11. The Plaintiff eventually recovered the ability to perform light work in June 2006 but the ability to perform work at that level would not permit the Plaintiff to return to work with the Riverside Division in any position.

12. Further, the Riverside Division did not make any work available to the Plaintiff within the limits he had from the injury and resultant surgery.

13. The Plaintiff filed an application with the prior plan administrator for disability retirement benefits on April 17, 2009..

14.     The prior plan administrator, on August 17, 2009, accepted the application for a disability pension as final, contingent on the results of a Social Security disability application filed by the Plaintiff.

15.     On October 25, 2010, the administrative law judge assigned the SSD claim issued a decision finding that the Plaintiff could not return to his past relevant work with the Riverside Division, but that there was other work requiring lesser physical ability that the Plaintiff could perform in the national economy.

16.     However, the Plaintiff eventually was awarded SSD benefits effective October 26, 2010.

17.     Though the disability retirement claim was still pending, the Plaintiff retired September 1, 2013 under the early retirement provision of the Plan and received $274,19 per month in a pension.

18.     By letter of February 17, 2017, the Defendant eventually denied the pending claim for a disability retirement pension on the premise that the Plaintiff was not eligible since he was not declared disabled by the Social Security Administration prior to the plan termination date of January 25, 2010.

19.     The Defendant has claimed that the prior plan administrator required an award of SSD benefits before a participant can be eligible for a disability retirement pension.

20.     The Defendant has failed during the administrative proceedings to identify any language in the Riverside Division Pension Plan to support the claim that an award of SSD benefits was required prior to an award of a disability retirement benefit.

21. To the contrary, under Section 5.06(a) of the Riverside Division Plan a participant is eligible for a disability retirement pension if employment is terminated "by reason of Total and Permanent Disability before he/she becomes eligible for a Normat Retirement Pension."

22. Total and Permanent Disability is defined by Section 5.06(d) as being totally unable ever to discharge or resume such part of his/her duties of employment with the Employer, or such other duties with the Employer, as the Trustees may determine and as are acceptable to the Employer, regardless of type or kind, deemed to be necessary to the Participant's satisfactory continued employment with the Employer.

23. The Plaintiff did file an application for Social Security disability benefits which was denied following a hearing before an Administrative Law Judge on October 25, 2010.

24. The Administrative Law Judge denied the claim on the basis that there was other work of a lesser exertional level that the Plaintiff could do but found that the Plaintiff was unable to perform any past relevant work including the work with the Riverside Division of Penn Traffic Company.

25. The finding by the Administrative Law Judge that the Plaintiff was unable to perform his past relevant work with the Employer is sufficient to meet the requirements of Section 5.06(d) for Total and Permanent Disability.

26. The Plaintiff alleges Defendant wrongfully denied his benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) by rejecting the finding in his Social Security disability claim that he was unable to perform his past relevant work and by requiring that he be awarded Social Security disability benefits by being unable to perform any work in the national economy, which is not a requirement under the Pension Plan.

27. The Plaintiff, brings this action to recover benefits due to his under the terms of the Plan.

28. By virtue of the various promises made by the Defendant in the pension plan, the Defendant has improperly denied benefits of the Plaintiff as there is more than ample evidence the Plaintiff is disabled under the terms of the Plan and that it has acted in an arbitrary and capricious manner in rejecting the evidence of the Plaintiff's disability.

WHEREFORE, the Plaintiff demands for judgment against the Defendant as follows:

 a. For the recovery of benefits due under the terms of the pension plan;
 b. For the enforcement of Plaintiff's pension rights;
 c. For prejudgment interest on sums currently due;
 d. For the costs and disbursements incurred in bringing this action;
 e. For reasonable attorney's fees; and
 f. For further relief as the court deems just and proper.

Respectfully submitted,

/s/ Lawrence R. Chaban
**LAWRENCE R. CHABAN, ESQUIRE**
On behalf of the Plaintiff, Anthony Furfari
PA I.D. No. 32506
310 Grant Street
2727 Grant Building
Pittsburgh, PA 15219
(412) 765-1888